## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

United States of America,      Criminal No. 08-271(9) (DWF/AJB)

    Plaintiff,

v.      **ORDER SEALING DOCUMENT AND MEMORANDUM**

Joey James Hagadorn,

    Defendant.

---

Christian S. Wilton, Assistant United States Attorney, United States Attorney's Office, counsel for Plaintiff.

James R. Behrenbrinker, Esq., Schaefer Law Firm, LLC, counsel for Defendant.

---

This matter comes before the Court on the Government's Motion To Seal Document (Doc. No. 655). Based upon all the records and proceedings herein,

**IT IS HEREBY ORDERED,** that the Government's Motion for Sealing is **GRANTED**.

Dated: September 17, 2009      s/Donovan W. Frank
                                                 DONOVAN W. FRANK
                                                 United States District Judge

**MEMORANDUM**

The motion has been brought in good faith. However, the Court has reluctantly granted the motion because that is the current practice across the District of Minnesota and the federal courts across the United States, even though the courts rarely, if ever, sealed such documents prior to Electronic Case Filing ("ECF"). The Court, while granting the motion, must observe that these documents are customarily sealed for administrative convenience and apparently for safety reasons since the advent of ECF. The Court states "apparently" as it did in a recent case[1] because the rules with respect to sealing such motions are in effect for all cases.[2] In this instance, the better practice would

---

[1] The Court filed a more extensive memorandum in *United States v. Laurel Suzanne Sargent*, Crim. No. 07-376(2), Doc. No. 90 (D. Minn. July 8, 2009), addressing this issue.

[2] The Advisory Committee Note to Rule 49.1 of the Federal Rules of Criminal Procedure outlines the Judicial Conference Committee on Court Administration and Case Management "Guidance for Implementation of the Judicial Conference Policy on Privacy and Public Access to Electronic Criminal Case Files" which was implemented in March 2004. The focus of the policy is appropriately on limitations on remote and electronic access to sensitive materials in criminal cases. However, without explanation, the policy goes on to advise restricting the access the public had prior to electronic case filing, namely, coming in to the Clerk of Court's Office and viewing either on a screen or the physical file itself the documents that used to be in a public case file. Examples of such documents would be motions for downward departure based upon substantial assistance and the plea agreement itself. The consequence of this policy in sealing such documents does not end with the sealing of the documents themselves. On an all too frequent basis, memorandums addressing sentencing are being sealed even though, for example, only four sentences of a nine-page document may relate to a cooperation issue. Again, the better practice would be to either redact those four lines, rather than seal the entire memorandum, which the policy now permits and advises. Even more preferably, from the Court's point of view, the documents should be made available as they were

(continued...)

have been to redact certain portions of the documents submitted or to e-file such a documents with restricted access so that they are only available on-line in the Clerk of Court's Office or by inspecting and reviewing the file itself.  Of course, such documents can always be made available to the parties on-line.

D.W.F.

---

[2](...continued)
prior to ECF by physically coming into the Clerk of Court's Office and viewing them, but not be made available by remote electronic access, except to the parties themselves.